UNITED STATES DISTRICT COURT
FOR THE __MIDDLE__ DISTRICT OF FLORIDA
__TAMPA__ DIVISION

__Derrick D. Gilbert__,
Petitioner/Appellant

vs.                                    Case No: __8:10-cv-0125-JOHN-17K-T6W__

__Sec. Dept. of Corr.__,
Respondent/Appellee

11th Cir # _____

OUTGOING LEGAL MAIL
PROVIDED TO TAYLOR C.I. FOR
MAILING ON
__5-5-11__
DATE

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12 2011
JOHN LEY
CLERK

## MOTION FOR ISSUANCE OF CERTIFICATE OF APPEALABILITY

Petitioner/Appellant, __Derrick D. Gilbert__, pursuant to 28 U.S.C. §2253(c); Rule 22 of the Federal Rules of Appellate Procedure, hereby moves this Honorable Court for a Certificate of Appealability and in support thereof submits the following:

On __April 18th__, __2011__, the District Court denied the instant petition for writ of habeas corpus and on __May 5__, __2011__, the Petitioner filed a Notice of Appeal in the District Court.

Petitioner/Appellant submits he has made a substantial showing of the denial of a constitutional right; that he was denied a full and fair hearing on all disputed facts in the lower courts; and that the instant case involves a denial of fundamental constitutional rights - due process and the right to effective assistance of counsel as more fully set forth herein.



2.

## Federal Questions Presented

Wheather a frivolus claim by Attorney Generals office, and Public Defenders office on Seperate Anders Brief's that Suppression Motions is not dispositive. An that Appeal rights were not authorized by trial court to Secure Per Curiam Affirmance violated the 9th, and 14th Amendments of the United States Constitution.

Second Question is wheather applying Stone v. Powell, 428 U.S. 465, 499 (1976) to the first Question becomes a Question of "Great Public Importance". That stone would deny review based on the merits. When it is arguable that the merits may never have been reached based on an illegally applied procedural bar, or is likely to recur, or if the error is Capable of repetition yet evading review.

Third Question is wheather the Per curiam Affirmance in the face of procedural arguements of jurisdictional claims violated miscarriage of Justice doctrine. When P.C.A. could create estoppel by silent dismissial of a given right to Appeal. Allowing a United States District Court to rule that case was meet on merits and dismissed under Stone v. Powell, 428 U.S. 465, 499 (1976), creating a 2-way road block for review.

3.

### First Question and Argument

Is whether a frivolus claim by Attorney Generals office, and Public Defenders office on Seperate Anders Briefs that Suppression motion is not dispositive. And that Appeal rights were not authorized by trial Court to Secure Per Curiam Affirmance violated the 9th and 14th Amendments of the United States Constitution.

Petitioner contends that the Attorney General, and Public Defenders office filed Anders Briefs to the Second District Court of Appeal, Contending that the States position is that the issue of petitioner motion to Suppress is not dispositive. The State Made the declaration in open Court. Which the court rejected giving petitioner a right to Appeal in the Circuit Court. The Court never expressively declared that the States position was correct. That the issue would be infact a non-dispositive issue on petitioners federal claims fought on a motion to Suppress in the Circuit Court. The State cited Cases of well established state law. That if a State Attorney voices his opinion that the issue is not dispositive. The D.C.A. is required to P.C.A an appeal taken on a Motion to Suppress without a trial, State v. Ashby, 245 So. 2d 225 (Fla. 1971). It was clear from the record that trial court gave right to Appeal. But it never entered a

written order on the verbal given right by plea agreement. Thus entitling State, and the Public Defenders office to over come petitioners Initial Brief on the Merits with well established law on a procedural Bar. See Hemmons v Lake Worth Drainage Dist, for use and Benefit of Martin, 87 So.2d 49 (Fla. 1956) "The attribute of a per curiam, where the question presented is so clear that it is not considered necessary to elaborate it by extended discussion, may imply a varity of connotations. As suggested in the petition for rehearing, it may not only involve a review of Questions of fact, questions that involve nothing more than the discretion of the trial court, or questions that involve the application of well settled rules of Law..." Petitioner recogived the delimma and withdrew his claim of violated plea aggreement from the 2254 petition. Petitioner then filed a 3.850 motion to the 6th Judicial Circuit Pinellas County FL. establishing the claim of a violated plea aggreement. Based on the State reneging on right to Appeal for plea. The Hon. Richard A. Luce denied 3.850. But stated in his ruling that Petitioner had right to Appeal Suppression order on Feb 24, 2011. This order was sent to the United States District Court to take Judicial notice on 3-11-2011. The order clearly shows that the State has been riding the wake of a procedual bar unjustly Applied. All of the States Arguments in Federal Court

5.

mirror those in Anders Brief that petitioner is procedualy barred. Thus violating Article IX of the U.S. Const. that "The enumeration in the Constitution, of certian rights, Shall not be construed to deny or disparage others retained by the people". As well as denying petitioner Equal protection of the laws under Article XIV of the U.S. Const. Amendments.

### Second Question and Argument

Second Question is wheather applying Stone v. Powell, 428 U.S. 465, 499 (1976) to the first Question becomes a Question of "Great Public Importance". That Stone would deny review based on the merits. When it is arguable that the merits may never have been reached based on an illegally applied procedual bar, or is likely to recur, or if the error is capable of repetition yet evading review.

The United States District Court denied petitioners 2254 citing Stone v. Powell, 428 U.S. 465, 499 (1976). The Court stated that petitioner provided no proof that the lower courts ruling was objectively unreasonable or any misapplication of clearly established Federal law. It futher cited Stone v. Powell, supra. Stating "Gilbert demonstrates neither that the Suppression hearing nor the state district court

6.

of Appeals consideration of the denial of that motion denied him full and fair litigation of his Fourth Amendment claims. Consequently, Gilbert cannot circumvent the Stone bar to federal habeas review." Petitioner first contends that " A per curiam decision without opinion affirming a decree does not establish any point of Law; and there is no presumption that the affirmance was on the merits.... Schooley V. Judd, 149 So. 2d 587 (Fla. App. 2 Dist 1963) Cvev'd on other grounds 158 So. 2d. 514 (Fla. 1963). It is Highly Arguable that both Anders Briefs by Attorney Generals office, and Public Defenders office Swayed the opinion of the court that, petitioner was barred from Direct Review on merits of Suppression Motion. The United States District Court was provided with all documentation on arguments in this Nature. Yet the United States District Court entered its ruling that the Lower Courts Met the merits of petitioners claim. When there is NO Serious documentation from the State on the merits. The State heavely relied on the State procedural bar in both the District Court ~~in Tampa~~ of Appeal. And the United States District Court in Tampa. ~~It~~ is of "Great Public Importance", To clarify that Stone would deny review on the merits. When State procures a P.C.A. with heavy procedural arguments with the help of the Public Defenders office. That the Appeal is procedurally barred from Direct review. When 20/20 hindsight Shows that

it never was. To deny review in this nature is to deny a full and fair litigation of petitioners Fourth Amendment claims.

### Third Question and Argument

Third Question is wheather the Per curiam affirmance in the face of procedural arguments of jurisdictional claims violated miscarriage of Justice doctrine. When P.C.A. could create estoppel by Silent dismissal of a given right to Appeal. Allowing a United States District Court to rule that case was met on merits and dismissed under Stone v. Powell, 428 U.S. 465, 499 (1976), creating a 2-way road block for review.

The general or abstract principles of a body of fact presents itself that no man of the commonwealth would successfully present a Fourth Amendment violation. When he must first over come obstacles that offend a sense of Justice. To successfully obtain a per curiam affirmance with a non-existant claim of a State procedural bar creates estoppel. When Stone v. Powell, 428 U.S. 465, 499 (1976) is Applied to a case. The combonation of the 2 applied equally is to Render the Appeal process moot of a valid Fourth Amendment violation. The silent affirmance in the face of an illegally

8.

applied procedural bar also renders the appeal process ineffective. As stated in Schooley v. Judd, 149 So. 2d 587 (Fla. App. 2 Dist 1963) (rev'd on other grounds 158 So. 2d 514 (Fla. 1963) "A per curiam decision without opinions affirming a decree does not establish any point of law, and there is no presumption that the affirmance was on the Merits". The United States District Court was in error to determine that the merits was reached. Than apply Stone v. Powell, Supra. The State relied on the same claims in Federal Court, that petitioner was procedurally barred in State Court. It is highly arguable that the P.C.A. was issued on the States and Public Defenders office theory, that the Appeal was not authorized under state law. When infact the issue was debateable under two reasons. 1. State trial Judge declared on the face of the record he excepted appeal on petitioners Fourth Amendment Claims. 2. State prosecutor voiced his opinion that he belived the issue was not dispositive. The Public Defenders office and State Prosecutors used the second reason to secure the procedural bar. Stating the trial court never gave petitioner a right to Appeal. Which the question was clarified for the United States District Court of Tempa on Feb 24, 2011 by trial Judge in pinellas County. That the appeal was a lawful Appeal given by the Court! The question to this court is wheather the per curiam Affirmance

in the face of procedural arguments of jurisdictional claims violated miscarriage of justice doctrine. When Federal Courts could only speculate regarding the rationale underlying the Appellate Court's per curiam affirmance decision.

## Conclusion

Issuance of Certificate of Appealability (COA) does not require showing that Appeal will succeed; accordingly, Court of Appeals should not decline application for (COA) merely because it believes applicant will not demonstrate entitlement to relief. In Wright v. Secretary for Dept. of Corrections, 278 F.3d 1245 it states; "In enacting Antiterroism and Effective Death Penalty Act (AEDPA), Congress meant to, and did, mandate deference to state court adjudications on the merits of federal constitutional issues, and a decision that does not rest on procedural grounds alone is an adjudication on the merits, which is entitled to deference for purposes of Federal habeas corpus review, regardless of the form in which it is expressed 28 U.S.C.A. 2254 (d). This court is required to review wheather the United States District Court of Tampa acting in it's review capacity requires assessing wheather the District Court of Appeal afforded procedural due process and observed the

10.

essential requirements of the law. A District Court of Appeals ruling constitutes a departure from the essential requirements of the law when it amounts to a violation of a clearly established principle of law resulting in a miscarriage of Justice. Grounds 1 thru 5 of petitioners 2254 petition needs a ruling on the 3- Federal Questions presented to conclude relief sought. They are 1. Illegal search of petitioner residence, 2. Incupatory Statement elicited by illegal evidence from illegal search, 3. Trials courts ruling in the matter is factually incorrect, 4. District Court of Appeals Ruling on State Law issues of a case being dispositive versus a proven Federal Violation and 5. Prosecutor depriving petitioner of witness Vanessa Holt.

## CONCLUSION

Wherefore, based on the showing of the denial of fundamental constitutional rights, this court should issue a Certificate of Appealablity as to all the grounds raised.

Respectfully Submitted,

5-5-2011
Date

_[Signature]_
Signature

Derrick D. Gilbert
Print

461325
DC #

Q-1-122-U
Housing

Taylor Correctional Institution
8515 Hampton Springs Road
Perry, Florida 32348

## UNNOTARIZED OATH

**UNDER PENALTY OF PERJURY,** pursuant to 28 U.S.C. 1746, I declare that the foregoing is true and correct.

Date: 5-5-2011

_[Signature]_
Signature

cc.
Tonja Rene Vickers
Asst. Attorney General

Clerk of Court
United States District
Court for Tampa Division

UNITED STATES COURTS OF APPEAL
ELEVENTH CIRCUIT

Derrick D. Gilbert /
Petitioner / Appellant

V.                                Case No: 8:10-CV-1292-T-17TGW
Sec. of Dept of Corr. /           11th cir #:
Respondent / Appellee

MOTION FOR 30 DAYS TO MAKE PAYMENT
IN THE EVENT C.O.A. IS GRANTED

Petitioner request the Court to allow petitioner 30 days to pay the filing fee of $450 dollars and $5 dollars to the District Court. Petitioner has the funds available. But the time consuming process to withdraw funds in Florida Dept of Corrections inmate banking system, Leaves petitioner no choice but to request the time requested. Petitioner declares that he does not which to proceed in Forma Pauperis.

OUTGOING LEGAL MAIL
PROVIDED TO TAYLOR C.I. FOR
MAILING ON
5-5-11
DATE        LIBRARY

respectfully Submitted,
# 461325
Derrick D. Gilbert
Taylor Correctional Annex
8515 Hampton Spring Road
Perry, Fl. 32347

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Gilbert is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Gilbert "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Gilbert has not made the requisite showing in these circumstances.

Finally, because Gilbert is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on APRIL 18th, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**DERRICK D. GILBERT,**

Petitioner,

-vs-   Case No. 8:10-cv-1292-T-17TGW

**SECRETARY, DEPARTMENT of CORRECTIONS, et al.,**

Respondents.
_____/

## JUDGMENT IN A CIVIL CASE

**Decision by Court.** This action came to hearing before the Court. The issues have been heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** judgment against Petitioner, Derrick D. Gilbert.

Date: April 19, 2011

SHERYL L. LOESCH, CLERK

By: s/ B. Napier
B. Napier, Deputy Clerk

Copies furnished to:

Counsel of Record
Unrepresented Parties

UNITED STATES DISTRICT COURT
FOR THE __MIDDLE__ DISTRICT OF FLORIDA
__TAMPA__ DIVISION

__Derrick D. Gilbert__
Petitioner/Appellant

vs.

Case No: __8:10-cv-1792-T-1776W__

__Sec. of Dept. of Corr.__,
Respondent/Appellee

## NOTICE OF APPEAL

NOTICE IS GIVEN THE Petitioner/Appellant, __Derrick D. Gilbert__, Pursuant to Rule 3, Federal rules of Appellate Procedure, appeals to the United States Court of Appeals for the Eleventh Circuit, the Order this Court rendered in the above captioned proceeding on the __18th__ day of __April__, 20 __11__.

Relating to: __2254 Habeas Corpus Petition__

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY, that a true and correct copy of the foregoing has been furnished to __Tonja Reese Vickers, A.A.G. office Tampa, Fla and Clerk of court. Court of Appeals 11 cir Atl__

This __5th__ day of __May__, 20 __11__, by U.S. Mail by and through the Institutional Mail Handlers.

Respectfully Submitted,

__Derrick P. Gilbert__

__461325__    __Q-1 122-U__
DC #           Housing

Taylor Correctional Institution
8515 Hampton Spring Road
Perry, Florida 32347

OUTGOING LEGAL MAIL
PROVIDED TO TAYLOR C.I. FOR
MAILING ON
5-5-2011    I/M INT.
DATE    LIBRARY

LEGAL MAIL